FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT L. BROCKWAY, JR.,

V                                           CASE NO. 303CV00609 (SRU)

YALE UNIVERSITY; JEROME N. FRANK
LEGAL SERVICES ORGANIZATION OF
YALE LAW SCHOOL; RICHARD C. LEVIN,
President of the University, Official Capacity;
ROBERT A. SOLOMON, Director of JEROME N.
FRANK LEGAL SERVICES ORGANIZATION
OF YALE LAW SCHOOL, I/O; ANTHONY T.
KRONMAN, Dean of Yale Law School, I/O;
CARROLL LEE LUCHT, Law Professor,
and Attorney at Law, I/O; STEPHEN WIZNER,
Law Professor, and Attorney at Law, I/O.         OCTOBER 10, 2003

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The defendants file the present memorandum of law in support of their motion to dismiss the plaintiff's "First Amended and Substituted Complaint" dated September 5, 2003.

### I.   PROCEDURAL HISTORY

The plaintiff filed the present action on April 4, 2003. The plaintiff's original Complaint sought damages for legal malpractice which allegedly occurred on March 15, 1997 and December 12, 1999. On June 11, 2003, the defendants filed a motion to dismiss the plaintiff's Complaint because this court lacked subject matter jurisdiction as the original Complaint failed to invoke either a federal question or diversity of citizenship.

The defendants further moved to dismiss the plaintiff's original Complaint as it was barred by the three-year statute of limitations. See Conn. Gen. Stat. §52-577. On

DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

September 4, 2003, both parties appeared before the Court (Underhill, J.) to discuss the merits of the defendants' motion to dismiss. The Court denied the defendants' original motion to dismiss without prejudice and granted the plaintiff leave to amend his Complaint so as allege violations of federal statutes in an attempt to come within the jurisdiction of this Court. The Court permitted the defendants until October 16, 2003 to file a motion to dismiss the plaintiff's Amended Complaint.

The defendant filed his Amended Complaint on September 5, 2003. The defendants file the present motion to dismiss the plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6)as it fails to state a claim upon which relief can be granted. The defendant is not a state actor and the federal statutes relied on by the plaintiff herein have no application to the present action. Further, the plaintiff's claim is barred by the applicable statute of limitations.

## II.   FACTS

The plaintiff alleges that on December 22, 1999, Carol Lee Lucht, Stephen Wizner, and Professor Jerome N. Frank of the Yale Law School violated his right to due process when they filed the document attached hereto as Exhibit A during the plaintiff's appeal to the United States Court of Appeals for the Second Circuit.

The plaintiff alleges that this conduct, "produced a pattern of intent, to deprive the plaintiff's [sic] of his rights and privileges, as the party injured for a fair redress within an American Court of law. Defendants' actions caused a chilling effect to plaintiff's right to a dignified opportunity to find legal redress, and violated the intended purposes of 42 U.S.C. 1983." (See Amended Complaint ¶10). The plaintiff alleges that, "jurisdiction over this action

is conferred upon by this court by 42 U.S.C. §1983 and by 28 U.S.C. §1331. The following laws may also be found to apply: 42 U.S.C. §1981, §1985, §1988 and §1981a. However, this matter is brought pursuant to 42 U.S.C. §1983." See Amended Complaint, ¶4. As set forth below, the plaintiff fails to state a claim pursuant to any of the aforementioned statutes.

### III. STANDARD

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the court must accept as true the factual allegations of the complaint, and draw all reasonable inferences in favor of the plaintiff. The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d. Cir. 1995) (citations and quotation marks omitted). Nevertheless, the plaintiff must actually set out in the complaint factual allegations that are capable of supporting a viable theory of recovery. Accepting that a complaint must be viewed in a favorable light, "[t]he pleader, however, must set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." Vorvis v. So. New Eng. Tel. Co., 821 F. Supp. 851, 853 (D. Conn. 1993).

IV. **ARGUMENT**

The plaintiff alleges that jurisdiction over this action is conferred upon the court by 42 U.S.C. §1983. The plaintiff further contends that "the following laws may also be found to apply: 42 U.S.C. 1988, 1981, 1981a and 1985."[1]

    1.    <u>The Plaintiff Does Not Set Forth A Claim Under 42 U.S.C. § 1983 Because Yale Is Not A State Actor And The Complaint Fails To Allege That the Plaintiff Was Denied A Right Guaranteed By The Constitution Or A Federal Statute.</u>

"To state a claim under §1983, the plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of State law; and (2) that such conduct deprived the plaintiff of a right or immunity secured by the Constitution or laws of the United States." <u>Dwares v. City of New York</u>, 985 F.2d 94, 98 (2d. Cir. 1993). <u>See also</u> §1983; <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101, S.Ct. 1908, 68 L.Ed. 2d 420 (1981).

Section 1983 provides that no person acting "under color of any statute...of any state" shall deprive another of any right, privilege or immunity "secured by the Constitution and the laws" of the United States. 42 U.S.C. § 1983. The plaintiff may bring a claim "under §1983 only if the defendant acted under color of state law." <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 835 (1982). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of 42 U.S.C. § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" <u>Am. Mfrs Mutual Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50, (1999), *quoting* <u>Blum v. Yaretsky</u>, 457 U.S. 991, 1002, (1982). The

---

[1] Defendants in this brief will offer arguments regarding these sections Title 42, despite the fact that it is far from clear that the plaintiff is, in fact, attempting to state causes of action under Sections 1981, 1981(a), 1985 or 1988.

4

plaintiff's September 5, 2003 Amended Complaint contains no allegation that the defendants were acting under color of state law, nor any allegations that could be construed as establishing that they were acting under color of state law. Indeed, Yale University is a private institution. Therefore, this claim should be dismissed.

Furthermore, even if there were any allegation in the complaint of state action, the complaint does not allege that the plaintiff was deprived of a right guaranteed by the Constitution or a federal statute. As noted above, that is one of the two prerequisites for stating a claim under § 1983. In the absence of any such allegation, this claim must be dismissed.

2. <u>The Plaintiff Does Not Set Forth A Claim Under § 1988</u>.

42 U.S.C. §1988 provides for the award of attorney's fees to a prevailing party in an action brought pursuant to §1983. If the plaintiff's present §1983 claim is dismissed, his claim pursuant to §1988 must also be dismissed. <u>Morse v. City of New York</u>, Docket No. 2001 WL 968996 (S.D.N.Y. Aug. 24, 2001).

3. <u>The Plaintiff Has Failed To State A Claim Under 42 U.S.C. § 1985 Because The Defendants Are Not Federal Officers And There Is No Allegation That The Plaintiff Is A Member Of A Protected Class</u>.

The plaintiff generally alleges that 42 U.S.C. § 1985 "may apply." 42 U.S.C. §1985(1) and the first clause of §1985(2) respectively address conspiracies to prevent federal officers from discharging their duties and conspiracies to interfere with proceedings in federal court. Since no federal officer is named as a defendant, the plaintiff does not state a claim under 42 U.S.C. § 1985.

While the second clause of § 1985(2) is not limited to federal officers, a plaintiff must allege a deprivation of rights on account of his membership in a protected class. Similarly, under 42 U.S.C. § 1985(3), which prohibits conspiracy to deprive a person "of the equal protection of the laws, or of equal privileges or immunities under the laws," the plaintiff must allege class-based invidiously discriminatory animus behind the conspirator's action. Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) *quoting* Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) 1; See also Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999).

The present plaintiff fails to state a claim under 42 U.S.C.§ 1985 because he fails to allege that any defendant is a federal officer, that he is a member of a protected class or that the defendants' actions were motivated by class-based discrimination. Like conspiracy claims asserted under 42 U.S.C. § 1983, conspiracy claims under 42 U.S.C. § 1985 must contain specific factual allegations. A complaint consisting of nothing more than conclusory or vague allegations of conspiracy is insufficient to survive a motion to dismiss. See Leon v. Murphy, 988 F.2d 303, 311 (2d Cir. 1993). This claim must be dismissed.

4.    The Plaintiff Has Failed To Allege Any Of The Elements Of A § 1981 Claim.

Section 1981 prohibits racial discrimination in the making and enforcement of contracts. See Patterson v. McLean Credit Union, 491 U.S. 164, 171,109 S. Ct. 2363, 2369 (1989); Runyon v. McCrary, 427 U.S. 160, 168, (1976); Lauture v. Int'l. Bus. Mach. Corp., 216 F.3d 258, 260 (2d Cir. 2000); Coleman v. Dow Chem. Co., 747 F. Supp. 146, 148 (D. Conn. 1990). To establish a claim under 42 U.S.C. § 1981, plaintiffs must allege facts

6

supporting the following elements: (1) plaintiff is a member of a racial minority; (2) the defendants intend to discriminate on the basis of race; and (3) the discrimination interfered with one of the activities enumerated in 42 U.S.C. § 1981. See Brown v. City of Oneanta, 195 F.3d 111, 121 (2d Cir. 1999); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993); Caldwell-Gaines v. Connecticut Dep't of Admin. Serv., Docket No. 1999 WL 795560, at *4 (D. Conn.).

The plaintiff's September 5, 2003 Amended Complaint fails to allege even one of the elements of a 42 U.S.C. § 1981 claim. Therefore, that claim must be dismissed.

5. The Plaintiff Cannot State a Claim Under 42 U.S.C. § 1981a Because The Statute Does Not Create An Independent Cause Of Action.

Section 1981a does not create an independent cause of action. Rather, it is a remedies provision enacted as part of the 1991 Civil Rights Act to create additional remedies for Title VII employment discrimination claims. See Gaynor v. Martin, 77 F.Supp. 2d 272 (1999) (2d Cir. 1999). Accordingly, 42 U.S.C. § 1981a has no application to the present plaintiff's claim.

6. The Plaintiff's Claims Are Barred By The Statute of Limitations.

The Second Circuit has held that § 1983 actions in Connecticut are governed by the state's three-year statute of limitations for tort actions. See, e.g., Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994). In Connecticut, the general three-year personal injury statute of limitations set forth in Conn. Gen. Stat. § 52-577 has been uniformly found to be the appropriate one for civil rights actions asserting constitutional torts pursuant to 42 U.S.C. § 1983. Id.; see also In re State Police Litig., 888 F. Supp. 1235, 1248-49 (D. Conn. 1995). The

plaintiff filed the present action on April 4, 2003. In his Amended Complaint, he claims that the defendants' alleged misconduct occurred on December 22, 1999. Accordingly, the plaintiff's Amended Complaint must have been filed on or before December 22, 2002 to be within the applicable statute of limitations.

A three-year statute of limitations also applies to alleged violations of 42 U.S.C. § 1981 and 1985. See Mian v. Donaldson, Luftkin and Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993); Blankman v. Nassau, 819 F. Supp. 198, 206 (E.D.N.Y. 1993); Ortiz v. Morgenthau, 772 F. Supp. 1430, 1432 (S.D.N.Y. 1991).

V.     **CONCLUSION:**

The defendants respectfully move to dismiss the plaintiff's Amended Complaint. The plaintiff argues that jurisdiction exists through a host of federal statutes, none of which are applicable to the present claim. Moreover, even if the plaintiff were able to state claims under these federal statutes, the claims would be time-barred. The action should be dismissed.

THE DEFENDANTS,

BY_____
Patrick M. Noonan (ct00189)
Brock T. Dubin (ct18777)
Delaney, Zemetis, Donahue,
    Durham & Noonan
741 Boston Post Road
Guilford, CT 06437
(203)458-9168

8

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Mr. Robert L. Brockway, Jr.
28 Boston Terrace
Guilford, CT  06437

_____
Patrick M. Noonan