FILED

2003 OCT 20 P 1:06

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT L. BROCKWAY, JR.                      :

      Plaintiff                                :

v.

YALE UNIVERSITY; JEROME N. FRANK         :       CIVIL ACTION NO.
LEGAL SERVICES ORGANIZATION OF                   3:03cv00609(SRU)
YALE LAW SCHOOL; RICHARD C. LEVIN,        :
President of the University, Official Capacity;
ROBERT A. SOLOMON, Director of JEROME N.  :
FRANK LEGAL SERVICES ORGANIZATION
OF YALE LAW SCHOOL, I/O; ANTHONY T.       :
KRONMAN, Dean of Yale Law School, I/O;
CARROLL LEE LUCHT, Law Professor,         :
and Attorney at Law, I/O; STEPHEN WIZNER,
Law Professor, and Attorney at Law, I/O.  :       OCTOBER 17, 2003

      Defendants

**PLAINTIFF'S ANSWER
TO DEFENDANTS' MOTION TO DISMISS**

I.    **Procedural History:**

    The defendants are being sued in both their individual and official capacities.

They have been each served in proper form with two summons, which clearly reflects

their dual status, in this legal suit.

    On February 19, 2003 the plaintiff filed this Complaint in the honorable United

States District Court in New Haven, and the honorable Superior Court J.D. in New Haven. This regarding plaintiff's efforts to obtain an attorney, and his desperate need of legal representation.

On April 3, 2003 the plaintiff filed Complaint pro se. On May 7, 2003 the Defendants' filed their request for interrogatories and production from plaintiff. An apparent indication that discovery was to begin.

On May 15, 2003 the plaintiff filed in proper form an answer to Defendants' request for interrogatories and production. On May 15, 2003 plaintiff filed a Motion that Court Conduct Hearings due to concerns of malpractice, and conspiracy in this matter.

On August 25, 2003 the plaintiff filed a motion to amend memorandum in support of Motion to Call which was granted.

On September 4, 2003 both parties appeared before the Court (Underhill, J.). The defendants' motion to dismiss was denied, and Court granted an Amended Complaint.

Pursuant to the motion hearing held on September 4, 2003 the case shall proceed as follows:

1- Any amended complaint shall be filed by <u>September 25, 2003</u>.

2- Defendant's motion to dismiss shall be filed by <u>October 16, 2003</u>.

3- Opposition shall be filed by <u>November 6, 2003</u>.

4- Reply to the opposition shall be filed by <u>November 20, 2003</u>.

On September 5, 2003 plaintiff filed Amended Complaint.

On September 15, 2003 Court filed Notice to Counsel in respect to mandatory conferencing. On September 18, 2003 filed Plaintiff's In Answer to Court's Notice to Counsel concerning his difficulties in conferencing with defendants. Thus the plaintiff

has been unable to honor this order. This because the defendants have not been willing to "jointly complete and file a report of this conference using Form 26(f)".

On September 20, 2003 the plaintiff filed a Motion for Sanctions in regard to Court order for conferencing, and on September 27, 2003 filed a Memorandum of Laws. On September30, 2003 and October 7, 2003 plaintiff filed motions to submit documentation concerning forthcoming issues.

## II.     Factual History:

The plaintiff has filed documented proof of the fact that on December 22, 1999 Attorneys and Law Professors Carroll Lee Lucht and Stephen Wizner of the Jerome N. Frank Legal Services, of Yale Law School, of Yale University filed a substantive legal document during the plaintiff's appeal. These defendants had not filed an Appearance, and had no Legal Standing in this matter.

These defendants were indeed licensed Attorneys at Law with special privileges to practice in federal Courts of Law. They were indeed officers of the federal and state Courts, and certainly acted under the color of state, and federal law. Similarly these very same defendants acting as federal officers, set up a pattern of discrimination violating the plaintiff's civil, and Constitutional rights to a fair trial.

On June 20, 2000, on June 21, 2000, and on November 16, 2000 the plaintiff filed a series of Complaints in the honorable Supreme Court of the United States concerning the documented actions of the defendants. This concerning the current improprieties, of defendants during the plaintiff's Appeal, within the United States Court of Appeals for the Second Circuit.

The plaintiff attempted to obtain legal counsel, and upon the repeated documented frustrations to obtain such, decided to attempt to represent himself. On October 7, 2003 the plaintiff filed documentation in regard to the following:

As background evidence on October 1, 1998 the plaintiff submitted to the Statewide Bar Counsel a Complaint Against Attorney. Complaint charges that Attorneys Lucht, and Wizner improperly withdraw from United States District Court in New Haven matter (395cv986JBA), Ott, Brockway v. Department of Mental Health, which involved Yale Law Professor defendant Larry Davidson. The Statewide Bar Complaint reveals that defendants misrepresented to the Court that plaintiff "elected to go pro se". By these actions defendants jeopardized plaintiff's case.

By submitting their substantive legal document; defendants illegally interfered with plaintiff's Appeal. The defendants have retaliated against the plaintiff. Defendants' motive is to get even with plaintiff. This retaliation occurred because of plaintiff's assertiveness in filing with the Statewide Bar Counsel, a witnessed Complaint Against Attorney in respect to, the defendants' public misrepresentations to the Court.

The defendants' improper interference with plaintiff's Appeal, and its resultant difficulties was not the first instance of defendants' improprieties. The defendants' fraudulently withdraw amid a myriad of Complaints. They began with the fact that the defendants allowed one defendant Larry Davidson, a Yale Professor, to commit perjury under oath during Discovery. Allowing him to skate unaccountably beyond fraudulent testimony. Mr. Davidson's testimony was critical to plaintiff's case. Attorney Lucht stated publicly that he knew Davidson was committing perjury; and yet, Attorney Lucht failed to intervene during interrogatories handled by a first year Law Student Intern.

1- Did Attorney Lucht show improper deference to defendant Larry Davidson, and permit perjury before the Court?

2- Defendants clearly have shown, throughout this matter, a pattern of disregard for plaintiff's interests.

3- Did the defendants have a conflict in their representation of plaintiff, and had they rigged the outcome of this matter to protect Mr. Davidson, and Yale University?

4- Defendants retaliated against the plaintiff's actions to the Statewide Bar Counsel.

5- For all this defendants owe damages to plaintiff.

### III. Standard:

In accordance with **Bolt Elec., Inc. v. City of New York,** 53 F. 3d 465,469 (2d. Cir. 1995) the defendants must prove beyond doubt that the letter in evidence filed by defendants during the plaintiff's appeal, to the United States Court of Appeals for the Second Circuit in New York, is bogus in order for this district court to grant their Motion to Dismiss. (see plaintiff's Memorandum of Laws.)

Now to issues of time limitation, jurisdiction, and the capacity of defendants to be sued:

The evidence shows that the plaintiff has used the appropriate legal avenues to file Complaints against defendants. Early on the plaintiff complained about defendant Larry Davidson's perjury, and submission of a bogus legal document during discovery. Plaintiff has complained early regarding defendants' illegal withdrawal.

The plaintiff has complained on time to the honorable Supreme Court of the United States concerning the facts in this current matter. The plaintiff has attempted to obtain legal counsel early which then brings us to now.

On November 16, 2000 the plaintiff complained to the honorable Superior Court of the United States concerning defendants' actions. Plaintiff filed this action on February 19, 2003. Conn. Sec. Gen. Stat. 52-577 Action founded on a tort states "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Therefore, this matter is within accepted standards of limitation, and is not time-bared.

If the Court does not see this then Conn. Sec. Gen. Stat. 52-591 When new action may brought after time limited. 52-591 (c) states "If an appeal is had from any such judgment to the Supreme Court or Appellate Court, the time the case is pending upon appeal shall be excluded in computing the time as above limited."

Therefore:

1- On December 22, 1999 defendants interfered during United States Court of Appeals for the Second Circuit matter No.:99-9018, Brockway v Department of Mental Health.

2- May 25, 2003 Judgment of No.99-9018.

3- Thus four months excluded according to Conn. Sec. Gen. 52-591.

4- On June 20, 2000 matter Appealed to Supreme Court of the United States (00-5269)

5- On November 6, 2000 plaintiff files Motion to Dismiss and Demand for Costs and Damages to Supreme Court due to defendant' actions.

6- Thus another 5 months excluded again in accordance with Conn. Sec. Gen. 52-591

7- Thus 9 months are added to the December 22,1999 date of defendants' actions bringing it to September 22, 2000.

8- Proper deadline for statute of limitations is September 22, 2003.

9- Plaintiff filed this matter on either February 19, 2003 or April 3, 2000.

10- Accordingly by either interpretation of file date, the plaintiff is within proper time limits, and this matter is not time-bound.

**VI.    Conclusion:**

The plaintiff has been patient and restrained throughout the course of this matter. The defendants have never denied the evidence. The plaintiff pleads to be compensated for his labor, and expenses or by any other reasonable, and just remedy. This because of the undeniable, and undenied interference, and retaliation of the defendants.

The plaintiff has sought legal redress though all of this. The purpose of his case is clear, and straightforward. Also included herewith is a current, and Amended Damage Analysis.

The plaintiff asserts that his Complaint is real, honest and true and that it should be seen in its most favorable light. **Bolt Elec., Inc. v. City of New York,** 53 F. 3d 465,469(2d. Cir. 1995). The plaintiff further asserts that this matter, needs to be settled in a just manner, and that this ordeal should end with expeditiousness.

RESPECTFULLY SUBMITTED,

*[signature]*
Robert L. Brockway, Jr.
28 Boston Terrace
Guilford, Connecticut 06437
(203) 214-0202

BROCKWAY V. YALE UNIVERSITY, ET AL
USDC, BRIDGEPORT CIVIL ACTION NO.3:03CV00609 (SRU)

## CERTIFICATION

This is to certify that the foregoing PLAINTIFF'S IN ANSWER TO DEFENDANTS' MOTION TO DISMISS has been served in person on October 17, 2003 to the law office of PATRICK M. NOONAN and BROCK T. DUBIN of DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C., Concept Park-Suite 306, 741 Boston Post Road, Guilford, CT 06437.

Robert L. Brockway, Jr.