UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 20 P 1:06

| | | |
|---|---|---|
| ROBERT L. BROCKWAY, JR. | : | |
| Plaintiff | : | |
| v. | | |
| YALE UNIVERSITY; JEROME N. FRANK LEGAL SERVICES ORGANIZATION OF YALE LAW SCHOOL; RICHARD C. LEVIN, President of the University, Official Capacity; ROBERT A. SOLOMON, Director of JEROME N. FRANK LEGAL SERVICES ORGANIZATION OF YALE LAW SCHOOL, I/O; ANTHONY T. KRONMAN, Dean of Yale Law School, I/O; CARROLL LEE LUCHT, Law Professor, and Attorney at Law, I/O; STEPHEN WIZNER, Law Professor, and Attorney at Law, I/O. | : : : : : : | CIVIL ACTION NO. 3:03cv00609(SRU) |
| | : | OCTOBER 17, 2003 |
| Defendants | | |

**PLAINTIFF'S MEMORANDUM OF LAWS
IN SUPPORT OF ANSWER TO DEFENDANTS' MOTION TO DISMISS**

**Conn. Gen. Stat. 52-577** has been found uniformly to be the appropriate one for civil rights actions asserting constitutional torts pursuant to 42 U.S.C. 1983. Id., see also In re State Police Litig., 888 F. Supp. 1235, 1248-49 (D. Conn. 1995.

Mian v. Donaldson, Luftkin and Jenrette Sec. Corp., 7 F. 3d 1085, 1087 (2d Cir. 1993); Blankman v. Nassau, 819 F. Supp. 198, 206 (E.D.N.Y. 1993); Ortis v. Morgenthau, 772 F. Supp. 1430, 1432 (S.D.N.Y. 1991) show that a three year statute of limitations also applies to violations of 42 U.S.C. 1981 and 1985.

**Conn. Sec. Gen. Stat. 52-591. When new action may be brought after time limited.**

(c) of same states "If an appeal is had from any such judgment to the Supreme Court or

Appellate Court, the time the case is pending upon appeal shall be excluded in computing the time as above limited."

The evidence shows that plaintiff appealed this matter to both the Appellate Court Appeal to United States Court of Appeals for the Second Circuit and to the Supreme Court of the United States. Accordingly the time the case is pending upon appeal to both is excluded.

**Fed. R. Civ. P. 17(b) Capacity to Sue or be Sued.** "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."

**Bolt Elec., Inc. v. City of New York,** 53 F. 3d 465,469 (2d. Cir. 1995) (citations and quotation marks omitted) "the court must accept as true the factual allegations of the complaint, and draw all reasonable inferences in favor of the plaintiff. The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim would entitle him relief."

It must proved beyond doubt that the plaintiff can prove no set of facts in favor of his claim. That the defendants' letter which has been in evidence, was filed by the defendants, during the plaintiff's appeal. However, it is clear that throughout the course of this matter, the defendants have never asserted, that this letter is not valid.

**Conn. Sec. Gen. Stat. 52-73. Municipal corporations may sue and be sued.** This statute explains that all towns, societies, communities, and corporations may sue and may be sued.

**Conn. Sec. Gen. Stat. 52-76. Actions by and against voluntary associations.** Voluntary associations and individual members may be sued, and may sue others and/or one another.

**Conn. Sec. Gen. Stat. 53a-162. Rigging: Class D felony.** "(a) A person is guilty of rigging if, with intent to prevent a publicly exhibited sporting or other contest from being conducted in accordance with the rules and usages purporting to govern it, he (1) Confers or offers or agrees to confer any benefit upon, or threatens any injury to, a participant, official or other person associated with the contest or exhibition; or (2) tampers with any person, animal, or thing. (b) Rigging is a class D felony."

**Conn. Sec. Gen. Stat. 53a-163. Soliciting or accepting benefit for rigging. Class A misdemeanor.** "(a) a person is guilty of soliciting or accepting benefit for rigging if he knowingly solicits, accepts, or agrees to accept any benefit the giving of which would be criminal under section 53a-162. (b) Soliciting or accepting benefit for rigging is a Class A misdemeanor."

**Conn. Sec. Gen. Stat. 53a-156. Perjury. Class D felony.** "A person is guilty of perjury if, in any official proceeding, he intentionally, under oath, makes a false statement, swears, affirms, or testifies falsely, to a material statement which he does not believe to be true. (b) Perjury is a class D felony."

**Conn. Sec. Gen. Stat. 53a-165. Hindering.** "As used in sections 53a-165a, 53a-166 and 53a-167 a person "renders criminal assistance" when, with intent, to prevent, hinder or delay the discovery or apprehension of, or the lodging of a criminal charge against, another person whom such person knows or believes has committed a felony or is being sought by law enforcement officials for the commission of a felony, such person (1)

Harbors or conceals such other person . . . or (4) prevents or obstructs, by means of force, intimidation or deception, any person from performing an act which might aid in the discovery or apprehension of such person . . .(6) aids such other person to protect . . . from such crime."

                RESPECTFULLY SUBMITTED,

*[signature]*
Robert L. Brockway, Jr.
28 Boston Terrace
Guilford, Connecticut 06437
(203) 214-0202

BROCKWAY V. YALE UNIVERSITY, ET AL
USDC, BRIDGEPORT CIVIL ACTION NO.3:03CV00609 (SRU)

**CERTIFICATION**

This is to certify that the foregoing MEMORANDUM OF LAWS IN SUPPORT OF PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS has been served in person, on October 17, 2003 to the law office of PATRICK M. NOONAN and BROCK T. DUBIN of DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C., Concept Park-Suite 306, 741 Boston Post Road, Guilford, CT 06437.

Robert L. Brockway, Jr.