UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV -7 P 12: 24

ROBERT L. BROCKWAY, JR.

    Plaintiff

CIVIL ACTION NO.
3:03CV00609 (SRU)

V.

YALE UNIVERSITY; JEROME N. FRANK
LEGAL SERVICES ORGANIZATION OF
YALE LAW SCHOOL; RICHARD C. LEVIN,
President of the University, Official Capacity;
ROBERT A. SOLOMON, Director of JEROME N.
FRANK LEGAL SERVICES ORGANIZATION
OF YALE LAW SCHOOL, I/O; ANTHONY T.
KRONMAN, Dean of Yale Law School, I/O;
CARROLL LEE LUCHT, Law Professor,
and Attorney at Law, I/O; STEPHEN WIZNER,
Law Professor, and Attorney at Law, I/O.

    Defendant(s)        NOVEMBER 5, 2003

## MEMORANDUM OF LAWS IN SUPPORT OF
## PLAINTIFF'S ANSWER TO DEFENDANTS' MOTION TO DISMISS

The plaintiff respectfully submits this Memorandum of Laws in Answer to Defendants' Motion to Dismiss. All of these Laws are within the **Connecticut Rules of Court (1999):**

**Rule 1.7 Conflict of Interest. General Rule:** "(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests. . "

**Rule 1.9 Conflict of Interest. Former Client:** "A lawyer who has formerly represented a client in a matter shall not thereafter: (1) Represent another person in the

same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation: or . . .

(2) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."

The record shows that the defendants began by representing the plaintiff. During discovery the defendants failed to intervene while defendant Larry Davidson committed perjury with their knowledge. Defendants withdrew from plaintiff's case amid a cloud of misrepresentation. During plaintiff's Appeal defendants, presumably representing Jerome N. Frank Legal Services Organization, Yale Law School, and Yale University submitted a legal document adverse to the interests of the plaintiff.

**Rule 1.6 Confidentiality of Information:** "(c) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary to: (2) Rectify the consequence of a client's criminal or fraudulent act in the commission of which the lawyer's services had been used."

"Generally speaking information relating to the representation must be kept confidential, as stated in subsection (a). However, when the client is or will be engaged in criminal conduct, where the client has used the lawyer to perpetuate a fraud, or the integrity of the lawyer's own conduct is involved, the principle of confidentiality may have to yield,

2

depending on the lawyer's knowledge about and relationship to the conduct in question, and the seriousness of that conduct."

RESPECTFULLY SUBMITTED,

*[signature]*
Robert L. Brockway, Jr.
28 Boston Terrace
Guilford, Connecticut 06437
(203) 214-0202

BROCKWAY V. YALE UNIVERSITY, ET AL
USDC, BRIDGEPORT CIVIL ACTION NO.3:03CV00609 (SRU)

## CERTIFICATION

This is to certify that the foregoing MEMORANDUM OF LAWS IN ANSWER TO DEFENDANTS' MOTION TO DISMISS has been served postage prepaid on November 5, 2003 to the law office of PATRICK M. NOONAN and BROCK T. DUBIN of DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C., Concept Park-Suite 306, 741 Boston Post Road, Guilford, CT 06437.

*[signature]*
Robert L. Brockway, Jr.