FILED

2003 DEC -4 P 12: 10

US DISTRICT COURT
BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT L. BROCKWAY, JR.,

V                                                                CASE NO. 303CV00609 (SRU)

YALE UNIVERSITY; JEROME N. FRANK
LEGAL SERVICES ORGANIZATION OF
YALE LAW SCHOOL; RICHARD C. LEVIN,
President of the University, Official Capacity;
ROBERT A. SOLOMON, Director of JEROME N.
FRANK LEGAL SERVICES ORGANIZATION
OF YALE LAW SCHOOL, I/O; ANTHONY T.
KRONMAN, Dean of Yale Law School, I/O;
CARROLL LEE LUCHT, Law Professor,
and Attorney at Law, I/O; STEPHEN WIZNER,
Law Professor, and Attorney at Law, I/O.         DECEMBER 3, 2003

**DEFENDANTS' OBJECTION TO PLAINTIFF'S
DEMAND FOR JUDGMENT DATED NOVEMBER 21, 2003**

I.     **PROCEDURAL HISTORY**

The plaintiff filed the present action on April 4, 2003. The plaintiff's original Complaint sought damages for legal malpractice which allegedly occurred on March 15, 1997 and December 12, 1999. The original complaint failed to allege federal jurisdiction. On September 4, 2003, the Court (Underhill, J.) granted the plaintiff leave to amend his Complaint so that he could include violations of federal statutes in an attempt to come within the jurisdiction of this Court.

On September 5, 2003 the plaintiff filed his Amended Complaint. On October 10, 2003 the defendants filed a motion to dismiss the plaintiff's amended complaint. The plaintiff filed an objection to this motion on October 17, 2003. The defendants chose not to file a reply

DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.
CONCEPT PARK • 741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437
TEL: (203) 458-9168 • FAX: (203) 458-4424
JURIS NO. 415438

to the plaintiff's objection as the plaintiff failed to articulate a single legal argument in opposition to the defendants' motion to dismiss. As of the writing of this objection, the court has not yet ruled on the defendants' motion to dismiss.

On November 21, 2003 the plaintiff filed a demand for judgment. The basis for this demand for judgment is unclear. It appears as if the plaintiff is requesting this Court to enter judgment against the defendants by default. However, the plaintiff fails to demonstrate how the defendants have violated a single court order. The plaintiff's motion should be denied.

## II. ARGUMENT.

*Plaintiff's Argument No. 1:* <u>The Defendants Have Failed to Reply by November 20, 2003, as Required by the Court</u>.

Presumably, the plaintiff argues here that the defendants are somehow in default as they have chosen not to file a reply to the Plaintiff's Objection to the Defendant's Motion to Dismiss dated October 17, 2003. In fact, the defendants chose not to file a reply as the plaintiff failed to articulate a single legal argument in opposition to the Defendant's Motion to Dismiss dated October 17, 2003. Accordingly, no reply was necessary.

*Plaintiff's Argument No. 2:* <u>The Defendants Have Failed to Refute the Plaintiff's Evidence as Has Been Presented in This Matter</u>.

The plaintiff has not offered <u>any</u> evidence in this matter, and thus defendants have not had any opportunity to refute such evidence.

*Plaintiff's Argument No. 3:* <u>The Defendants Filed a Motion for Interrogatories and Request for Production, Which Plaintiff Answered, and Subsequently the Plaintiff Filed His Own Request for Production. The Defendants Never Complied in Turn and Ignored Plaintiff's Request. This Further Indicates Defendants' Continued Unwillingness to Participate in these Deliberations</u>.

2

A stay of all discovery is in effect as per the Court's order of September 4, 2003, until the Court rules on the defendants' motion to dismiss. To date, there has been no decision regarding the defendants' motion to dismiss. Accordingly, the stay of discovery is still in effect, and the defendants are not required to respond to any of the plaintiff's discovery requests.

*Plaintiff's Argument No. 4:* *The Plaintiff Has Submitted a Detailed Cost Analysis of Expenses Incurred During the Course of This Matter.*

The plaintiff's "cost analysis" has no relevance to the plaintiff's "demand for judgment."

*Plaintiff's Argument No. 5:* *The Defendants Have Refused to Honor Court Order for Required Conferencing.*

This accusation is plainly false and was responded to in the defendants' objection to the plaintiff's motion for sanctions dated September 26, 2003. Indeed, the undersigned took every opportunity to invite Mr. Brockway into his office to prepare the Rule 26(f) report so that Mr. Brockway could review it and make any changes which he deemed appropriate. Not only did Mr. Brockway fail to come to the undersigned's office to review the Rule 26(f) report, Mr. Brockway failed to respond to telephone messages from the undersigned regarding the Rule 26(f) report, and further failed to respond to correspondence regarding the Rule 26(f) report. (See Exhibit A) Accordingly, the undersigned was forced to file the Rule 26(f) report without any cooperation or input from Mr. Brockway. It was Mr. Brockway who chose not to cooperate in the drafting of the Rule 26(f)report.

3

*Plaintiff's Argument No. 7:*  <u>*The Plaintiff Has Submitted a Motion for Sanctions Against Defendants Due to Documented Unwillingness of Defendants to Cooperate With Court-Ordered Conferencing Process*</u>.

The plaintiff's motion for sanctions is without merit and premised on a misrepresentation of facts. The defendants have previously articulated a response to the plaintiff's motion for sanctions by objection dated September 26, 2003.

### III.  CONCLUSION.

For the foregoing reasons, the undersigned defendants object to plaintiff's motion for judgment. Plaintiff's motion fails to articulate any reason why judgment should enter in his favor. Indeed, the defendants have submitted a motion to dismiss the plaintiff's complaint in its entirety. The present motion should be denied.

>         THE DEFENDANTS
>         YALE UNIVERSITY, ET AL
>
>
>         BY _____
>         Patrick M. Noonan (ct00189)
>         Delaney, Zemetis, Donahue,
>             Durham & Noonan
>         741 Boston Post Road
>         Guilford, CT  06437
>         (203) 458-9168

4

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on the above-written date, to:

Mr. Robert L. Brockway, Jr.
28 Boston Terrace
Guilford, CT 06437

_____
Patrick M. Noonan

# DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C.

JOSEPH M. DELANEY
TERENCE A. ZEMETIS
TIMOTHY W. DONAHUE
MICHAEL G. DURHAM
PATRICK M. NOONAN
EDWARD W. MAYER, JR.
STEVEN M. BARRY

KATHERINE M. DEMPSKI
ADAM P. DOHERTY
BROCK T. DUBIN
BARBARA M. DUNHAM
ANDREW P. DWYER, II
MARTHA S. TRIPLETT

ATTORNEYS AT LAW

CONCEPT PARK
741 BOSTON POST ROAD
GUILFORD, CONNECTICUT 06437

TEL. (203) 458-9168
FAX. (203) 458-4424

WALLINGFORD OFFICE
TEL. (203) 269-1441
FAX. (203) 284-9428

September 25, 2003

Mr. Robert L. Brockway, Jr.
28 Boston Terrace
Guilford, CT 06437

Re: Robert L. Brockway, Jr. v. Yale University, et al

Dear Mr. Brockway:

As I informed you on September 18, 2003, I would be preparing a report of the parties planning meeting, pursuant to Fed. R. Civ. P. 26(f). I requested that you come into my office on Monday, September 22, 2003 so that you could review the report and make any changes which you felt were appropriate so that we both could sign the report and submit it to court.

Despite this, you did not show up at my office on Monday, September 22, 2003. Accordingly, I contacted you on September 23, 2003 and September 24, 2003 and left you messages regarding this. As of the writing of this letter, I have not heard from you.

I enclose for you a copy of the Proposed Rule 26(f) Report which I plan on filing with the court. Kindly contact me so that I can arrange to have you execute the enclosed report and make any changes which you feel are appropriate.

Very truly yours,

Brock T. Dubin

BTD/lm