UNITED STATES DISTRICT COURT      FILED
DISTRICT OF CONNECTICUT

2004 JUL 28  A 8: 43

ROBERT L. BROCKWAY, JR.

       Plaintiff

       CIVIL ACTION NO.
       3:03CV00609 (SRU)

V.

YALE UNIVERSITY, ET AL

       July 26, 2004

       Defendant(s)

## MOTION TO INCLUDE WITH APPLICATION FOR WRIT OF HABEAS CORPUS THIS COPY OF SUMMARY ORDER

Please find attached a copy of the Summary Order of the Honorable United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 25 day of May two thousand.

On bottom of page 3 of this Summary Order this citation is found:

"Because we hold that the district court properly denied Brockway's motion for an extension of time to file a notice of appeal from the judgment, we do not have jurisdiction to consider the merits of Brockway's claims, including his claim that the law students who represented him were ineligible to do so."

Why is this citation included when a time bound judgment is absolute, and complete unto itself?

       RESPECTFULLY SUBMITTED,

       Robert L. Brockway, Jr.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 25 day of May, two thousand.

PRESENT:

> HON. JAMES L. OAKES,
> HON. ROGER J. MINER,
> HON. SONIA SOTOMAYOR,
>
> *Circuit Judges.*



---

LYNNE S. OTT,

> *Plaintiff,*

ROBERT L. BROCKWAY, JR.,

> *Plaintiff-Appellant,*

v.                                                              No. 99-9018

DEPT. OF MENTAL HEALTH; ALBERT J. SOLNIT,
M.D., Commissioner of the CT Dept. of Mental Health,
Official Capacity; EZRA GRIFFITH, M.D., Director of the
CT Mental Health Ctr., I/O; LARRY DAVIDSON, PhD.,
Director of Outpatient Services, CT Mental Health Ctr.,
I/O,

> *Defendants-Appellees.*

---

| | |
|---|---|
| Appearing for Appellant: | ROBERT L. BROCKWAY, JR., *pro se*, Guilford, CT. |
| Appearing for Appellees: | KEVIN SHEA, Delaney, Zemetis, Donahue, Durham & Noonan, P.C., (Patrick M. Noonan, on the brief), Guilford, CT, *for appellees Ezra Griffith and Larry Davidson in their individual capacities*; |
| | MAITE BARAINCA, Assistant Attorney General (Richard Blumenthal, Attorney General, on the brief), Hartford, CT, *for appellees Albert J. Solnit, Ezra Griffith, and Larry Davidson in their official capacities*. |

UPON DUE CONSIDERATION of this appeal from an order of the United States District Court for the District of Connecticut (Janet Bond Arterton, J.), it is hereby

ORDERED, ADJUDGED AND DECREED that the order of the district court is AFFIRMED and the appeal is DISMISSED.

---

Plaintiff-appellant Robert L. Brockway, Jr. appeals from an August 16, 1999 order of the United States District Court for the District of Connecticut (Arterton, J.) denying his motion for an extension of time to file a notice of appeal from the judgment. The district court denied Brockway's motion because it was "untimely and lacking any showing of excusable neglect or good cause." We review the district court's order for abuse of discretion. *See United States v. Carson*, 52 F.3d 1173, 1180 (2d Cir. 1995).

The district court entered judgment in favor of defendants on March 30, 1998. Ordinarily, to be timely, a notice of appeal must be filed within 30 days of entry of the judgment. *See* Fed. R. App. P. 4(a)(1). Fed. R. App. P. 4(a)(4)(A) provides, however, that:

> [i]f a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> (i) for judgment under Rule 50(b);
> (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

2

>   (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
>   (iv) to alter or amend the judgment under Rule 59;
>   (v) for a new trial under Rule 59; or
>   (vi) for relief under Rule 60 if the motion is filed no later than no later than 10 days . . . after the judgment is entered.

Fed. R. App. P. 4(a)(4)(A). The district court disposed of Brockway's last postjudgment motion in an order entered on January 15, 1999. Assuming that this postjudgment motion was covered under Rule 4(a)(4)(A), Brockway's time for filing a notice of appeal from that judgment extended to no later than February 14, 1999, i.e., 30 days after January 15, 1999. According to the record, Brockway did not file a notice of appeal at any point prior to February 14, 1999.

On August 9, 1999, Brockway filed his motion for an extension of time to file a notice of appeal from the judgment. Under Fed. R. App. P. 4(a)(5)(A), such an extension may be granted if the motion is filed within 30 days after the filing period has expired and the would-be appellant can show excusable neglect or good cause. We hold that the district court properly denied Brockway's motion because Brockway did not file his motion within 30 days of the end of the 30-day period within which he should have filed his notice of appeal. We also note that Brockway could not have moved successfully for an extension of time under Fed. R. App. P. 4(a)(6) because he did not file his motion within 180 days of the entry of judgment.\*

We therefore affirm the district court's denial of Brockway's motion and dismiss the appeal.

---

\* Because we hold that the district court properly denied Brockway's motion for an extension of time to file a notice of appeal from the judgment, we do not have jurisdiction to consider the merits of Brockway's claims, including his claim that the law students who represented him were ineligible to do so.

3

1
2
3
4
5
6
7

FOR THE COURT:
Roseann B. MacKechnie, Clerk
By:

RALPH A. ANDERSON, Deputy Clerk
ACTING OPERATIONS MANAGER

RE: BROCKWAY V. CT DEPT OF MENTAL HEALTH USDC, NEW HAVEN 3:95CV986(JBA); BROCKWAY V. YALE UNIVERSITY, ET AL USCOA2C.99-9018; USSC 00-5269 AND USDC, BRIDGEPORT 3:03CV00609(SRU).

CERTIFICATION

It is certified that on this date July 26th 2004 the foregoing was mailed postage prepaid to the following: OFFICE OF THE CLERK, SUPREME COURT OF THE UNITED STATES OF AMERICA, WASHINGTON, DC 20543-0001; to GEORGE W. BUSH, President of the United States, The White House, Washington, DC 20500; to the UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT, Foley Square, New York, NY 10007; to the Honorable STEFAN R. UNDERHILL, U.S.D.J., United States District Court, District of Connecticut, 915 LaFayette Blvd., Bridgeport, CT 06604; to the Honorable JANET BOND ARTERTON, U.S.D.J., United States District Court, District of Connecticut, 141 Church Street, New Haven, CT 06510; to JOSEPH I. LIEBERMAN, United States Senator, State of Connecticut, 1 Constitution Plaza, Hartford, CT 06106; to JOHN G. ROWLAND, Governor, State of Connecticut, Room 200, State Capitol, Hartford, CT 06106; to M. JODI RELL, Governor, State of Connecticut, Room 200, State Capitol, Hartford, CT 06106; to MAITE BARAINCA, ESQ., Assistant Attorney General, State of Connecticut, P.O. Box 230, Hartford, CT 06141-012 ; and. to the law office of PATRICK M. NOONAN and BROCK T. DUBIN of DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C., Concept Park- Suite 306, 741 Boston Post Road, Guilford, CT 06437.

_Robert L. Brockway, Jr._