UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 AUG 24  A 9:22

ROBERT L. BROCKWAY, JR.

    Plaintiff

V.

YALE UNIVERSITY, ET AL

    Defendant(s)

CIVIL ACTION NO.
3:03CV00609 (SRU)

August 20, 2004

### PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION DATED AUGUST 6, 2004

The Plaintiff respectfully takes issue with the Defendants' assertions and hereby offers the following reply:

   The Defense on page 2 states that the plaintiff's ". . . motion for a habeas corpus, the application is illogical and without legal support as the above matter is a civil suit, and plaintiff is not incarcerated." The plaintiff respectfully asserts that this analysis of the most extraordinary writ is patently incorrect.

   Indeed the following case refutes Defendants' position: Appeal from orders of United States District Court for the Western District of New York (Richard J. Arcara, Judge), dismissing petitions for writs of habeas corpus under Title I of the Indian Civil Rights Act of 1968 ("ICRA") 25 U.S.C. 1301-1303. Docket Nos. 95-7490, 95-7492, 95-7498, 95-7502, 95-7504; Peter L. Poodry, et al v Tonawanda Band of Seneca Indians, et al.

   On May 16, 1996 the United States Court of Appeals for the Second Circuit, No. 492 August Term, 1995 concluded that the "banishment" of petitioners from their tribe and reservation constituted restraint on liberty. Accordingly this "banishment", with no

incarceration, satisfied the jurisdictional prerequisites for a writ of habeas corpus.

Matters within the jurisdiction of the Superior Court deemed to be family relations matters shall be matters affecting or involving: (8) habeas corpus and other proceedings to determine the custody and visitation of children; (9) habeas corpus brought by or in behalf of any mentally ill person except a person charged with a criminal offense. **Connecticut Divorce Statutes, General Statutes of Connecticut, Revised to 1997. Title-46b-Family Law. Sec. 46b-1. Family relations matters defined.**

Indeed Defendants formulated discriminatory practices involving the Plaintiff's liberties. Defendants disliked Plaintiff's reform message, and therefore; retaliated against the Plaintiff's constitutional right to lawful political activity. This by denying the plaintiff's lawful right to apply for a federal grant employment opportunity. Subsequently the Defendants denied the Plaintiff his constitutional right to due process.

The Defendants willfully "banished" the Plaintiff from his peers by retaliating against Plaintiff's lawful political activities. Ultimately Defendants' machinations deprived Plaintiff of any chance for a legal remedy whatsoever.

Therefore the Plaintiff respectfully pleads for an evidentiary hearing and an opportunity for a just settlement.

RESPECTFULLY SUBMITTED,

Robert L. Brockway, Jr.
28 Boston Terrace
Guilford, CT 06437
1-203-214-0202

RE: BROCKWAY V. CT DEPT OF MENTAL HEALTH USDC, NEW HAVEN 3:95CV986(JBA); BROCKWAY V. YALE UNIVERSITY, ET AL USCOA2C.99-9018; USSC 00-5269 AND USDC, BRIDGEPORT 3:03CV00609(SRU).

## CERTIFICATION

It is certified that on this date August 20, 2004 the foregoing was mailed postage prepaid to the Honorable STEFAN R. UNDERHILL, U.S.D.J., United States District Court, District of Connecticut, 915 LaFayette Blvd., Bridgeport, CT 06604; and delivered in person to the law office of PATRICK M. NOONAN and BROCK T. DUBIN of DELANEY, ZEMETIS, DONAHUE, DURHAM & NOONAN, P.C., Concept Park-Suite 306, 741 Boston Post Road, Guilford, CT 06437.

Robert L. Brockway, Jr.