UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT L. BROCKWAY, JR., | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:03cv609 (SRU) |
| | : | |
| YALE UNIVERSITY, ET AL., | : | |
|     Defendants. | : | |
| | : | |

## RULING AND ORDER

Robert L. Brockway's complaint, which principally alleged legal malpractice, was dismissed on February 12, 2004 because it was filed outside the statute of limitations time period. Six months later, on August 9, 2004, Brockway filed a document entitled "Motion For Application For Review By Writ Of Federal Habeas Corpus 28 U.S.C. 1291." Since then, Brockway has filed several supplements to this motion. In the last week alone, the clerk's office has received over a dozen such filings, entitled "Motion To Submit Documentation."

Brockway did not appeal my dismissal of his case, and the time for such an appeal has now passed. See Fed. R. App. Proc. 4(a). He has also not asked me to reconsider my ruling; the time for that too has passed.[1] See Local Civil Rule 7(c)(1). Brockway appears to propose that, even though his civil case was time barred, I can still review the underlying merits of his case on petition for writ of habeas corpus.

Because Brockway is not in custody, I have no authority to grant the relief he seeks. See 28 U.S.C. § 2241(c) (writ may be granted to prisoners in custody); 28 U.S.C. § 2254 (writ

---

[1] I would have been more than willing to treat Brockway's motion as a motion for reconsideration, despite its title, had it been filed within ten days of my decision and had it set forth matters or controlling decisions that I had overlooked. Local Civil Rule 7(c)(1). It meets neither criterion.

available to prisoner in custody pursuant to the judgment of a State court); 28 U.S.C. § 2255 (writ available to prisoner in custody under federal sentence).  Brockway is aware of this prerequisite, but points me to the case of Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874 (2d Cir. 1996), for the proposition that a writ of habeas corpus may be issued to one who has been "banished."  He argues that the harm caused him by the alleged activities described in his initial complaint "banished the Plaintiff from his peers."

Brockway is right that the writ of habeas corpus can do more than reach behind prison walls and iron bars, but it still only provides a remedy in those cases where there is a severe restraint on liberty.  See Poodry, 85 F.3d at 894.  However distressing the harm allegedly suffered by Brockway may have been, he has not alleged anything, or submitted anything, that supports the contention that he has suffered the type of severe restraint on liberty that would allow me to issue a writ.[2]

Brockway's petition (doc. # 61) is DENIED.  In light of this ruling, the court will no longer entertain motions to supplement that petition.  The clerk shall return such motions to the plaintiff along with any attachments without docketing them.

It is so ordered.

Dated at Bridgeport, Connecticut, this 4th day of October 2004.

    /s/ Stefan R. Underhill
    Stefan R. Underhill
    United States District Judge

---

[2] I need not address the additional fact that none of the defendants appear to be acting on behalf of the federal government, a state, or any other sovereign.