UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 OCT 26  P 12: 13

US DISTRICT COURT

ROBERT L. BROCKWAY, JR.      :
                             :   CIVIL ACTION NO.
        Plaintiff            :   3:03CV00609 (SRU)
                             :
V.                           :
                             :
YALE UNIVERSITY, ET AL       :
                             :
        Defendants           :   October 25, 2004

### REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT AND MOTION TO CALL

On October 19, 2004 this honorable Court made the following order: "Accordingly, Brockway's motion for reconsideration (doc. # 69) is GRANTED, but on reconsideration I will abide by my earlier ruling. It is so ordered. Dated at Bridgeport, Connecticut, this 19th day of October 2004. Stefan R. Underhill, United States District Judge."

Defendants state the following in full, on their Brief in Opposition to Plaintiff's Motion for Judgment, dated October 15, 2004: "Defendants hereby object to plaintiff's Motion for Judgment, dated October 13, 2004. This action was dismissed and judgment entered on February 20, 2004. Under the circumstances, the plaintiff's Motion for Judgment must be denied."

On October 13, 2004 the Plaintiff filed a Motion for Judgment. The Plaintiff states in full the following: "The Plaintiff respectfully requests that this Motion for Judgment be granted, and that this honorable Court order that Defendants pay the Plaintiff financial damages as shown on Plaintiff's Damages Analysis, dated October 13, 2004."

The Plaintiff has been diagnosed as "mentally ill". Therefore the Plaintiff pleads, that a reasonable amount of fairness be accorded to the Plaintiff, in this matter. The Plaintiff is representing himself pro se in this matter. This matter involves attorney malpractice.

This consideration of fairness is well established within the Courts of this land. This in matters brought by, or in behalf of any mentally ill person, except a person charged with a criminal offense. **Connecticut Divorce Statutes, General Statutes of Connecticut, Revised to 1997. Title-46b-Family Law. Sec. 46b-1. Family relations matters defined.**

Indeed early on the Defendants established discriminatory practices involving the Plaintiff's liberties. The Defendants were hampered by Plaintiff's reform message, and retaliated against the Plaintiff's constitutional right, to lawful political activity. Then without compassion, the Defendants denied the Plaintiff, a dignified redress before our Courts of Law.

Reason would conclude that any triggering of a time-bound judgment, and the resultant dismissal of this matter due to the statute of limitations running out, comes into sharp conflict with a rational awareness of evenhandedness.

American Courts have an interest, in promoting fairness especially when a disabled individual, is forced to bring a matter before them. Indeed when this individual, has made several documented attempts, to obtain an Attorney at Law through the local bar association, and elsewhere. The Plaintiff is forced to represent himself. Among other issues, the Defendants left the Plaintiff without legal representation, during the Deposition of one Ezra Griffith, M.D.

Accordingly any time-bound limitations, should be waived, and this case adjudge upon the documented evidence.

RESPECTFULLY SUBMITTED,

Robert L. Brockway, Jr.
28 Boston Terrace
Guilford, Connecticut  06437
Telephone:  1-(203) 214-0202